HENRY SANDERSON *vs.* GEORGE TAFT & others.
WALTER SANDERSON *vs.* SAME.

A contract to build a house at a certain price by the day, employing such help as the contractor may deem necessary, and at such prices as he may deem reasonable and proper, is too indefinite to give him, or workmen employed by him, a lien under *St.* 1851, *c.* 343, for labor performed under the contract.

PETITIONS to enforce liens for labor upon a building on land in Worcester, then owned by Taft & Gleason, two of the respondents, and now owned by the other respondent. Trials in the court of common pleas before *Mellen,* C. J.

Henry Sanderson's petition alleged his labor to have been performed under a verbal contract between himself and Taft and Gleason " to erect and construct a building by the day, and employ such help as he deemed proper, and at such prices as he deemed reasonable." The evidence tended to show that he worked upon the building for more than four months, and that his services were reasonably worth the prices charged.

Walter Sanderson's petition alleged that he performed his labor under a verbal contract with Henry Sanderson to work for him at certain specified prices by the day, " said Henry being a

appear that the person filing the certificate has wilfully and knowingly claimed more than is his due.

contractor with Taft & Gleason to erect a building," as set forth in his petition. The evidence was that the petitioner worked on the building more than four months, at a fixed price by the day, and that his services were reasonably worth the prices charged.

The respondents objected that neither of the contracts proved was within *St.* 1851, *c.* 343, not being an entire contract for a fixed time and a fixed price. But the judge overruled the objection. The jury returned verdicts for the petitioners, and the respondents alleged exceptions.

*W. A. Williams & H. A. Hill,* for the respondents.

*P. C. Bacon,* for the petitioners. The first petition sets forth an express contract between Henry Sanderson and the owners of the land; and the lien of the petitioner is not affected by the fact that he was to be paid by the day, and that the amount to be paid for help could not be ascertained until the building was completed.

The contract of Walter Sanderson with Henry is still more specific; and even if Henry had no such contract with the owners of the land as would give him a lien, he was nevertheless their agent, and as such could make a contract with his workmen, which would create a lien in their favor on the land of his employers.

BY THE COURT. The contract of Henry Sanderson with Taft & Gleason was not sufficiently definite to enable him to file a certificate thereof in the registry of deeds, or to create a lien on the land in his favor. *Parker* v. *Anthony,* 4 Gray, 289.

Walter Sanderson, in his petition, does not set forth a contract between himself and Taft & Gleason through their agent Henry; but alleges that Henry had a contract with Taft & Gleason. As this allegation is not sustained, he stands upon the same ground as Henry, through whom he seeks to charge the owners of the land. *Exceptions sustained.*